# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**
MAY 22 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| United States of America<br>v.<br>JACOB BLANCO<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)<br>)<br>) 1:17MJ 00083 SKO<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **08/3/2016 - 05/05/2017** in the county of **Fresno** in the **Eastern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 2251(a) | Sexual exploitation of children |
| Title 18, United States Code, Section 2252(a)(2) | Receipt of material involving the sexual exploitation of minors |

This criminal complaint is based on these facts:

See attached affidavit of Homeland Security Investigations Special Agent Timothy Kotman which is incorporated by this reference.

☑ Continued on the attached sheet.

*Complainant's signature*

Timothy Kotman - Special Agent, U.S. HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/22/2017 5/20

*Judge's signature*

City and state: Fresno, California

Honorable Sheila K. Oberto - U.S. Magistrate
*Printed name and title*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMLAINT AGAINST JACOB BLANCO

I, Timothy Kotman, being duly sworn, hereby depose and state as follows:

1. I am employed as a Senior Special Agent with United States Homeland Security Investigations (HSI), presently assigned to the Office of the Resident Agent in Charge, Fresno, California (RAC/Fresno). I have been employed as an HSI Special Agent for over 7 years. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training Program, where I received extensive training in the investigation of child pornography crimes. Prior to becoming an HSI Special Agent, I was employed as a Criminal Investigator for the California Environmental Protection Agency. In addition to my training at FLETC, I received my Bachelor and Master degrees from California State University, Fresno and my California Peace Officer Standard Training Specialized Investigator's Basic Course Certificate from the Yuba City Police Academy. Some of my duties as an HSI Special Agent include investigating criminal violations relating to child exploitation and child pornography including violations related to the illegal production, distribution and receipt, and possession of child pornography, in violations of 18 U.S.C. §§ 2251 and 2252. In addition to the training in the area of child pornography and child exploitation that I have received, I have observed and reviewed numerous

1

examples of child pornography and visual depictions of minors engaged in sexually explicit conduct (as defined in 18 U.S.C. § 2256) in all forms of media, including digital media on computers and phones.

2. This affidavit supports a criminal complaint against Jacob BLANCO for violating the following federal statutes:

a.) 18 U.S.C. § 2251(a), which makes it a crime for anyone to knowingly employ, use, persuade, induce, entice, or coerce any minor to engage in, or have a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct if the person knows or has reason to believe that the visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; and

b.) 18 U.S.C. § 2252(a)(2), which makes it a crime to knowingly receive or distribute any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, shipped, or transported in interstate or foreign commerce, or which contains materials which have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and the depiction is of such conduct.

3. The information contained in this affidavit is based upon my personal observations, training and experience, and where noted, information related to me by other law enforcement officers and/or agents.

2

4. On April 3, 2017, Nassau County (New York) Police Department Special Victims Unit Detective (Det.) Adam Constantino received information from two local parents about their six year-old daughter (confidential victim #1). The parents told Det. Constantino that confidential victim #1 had used the Musical.ly app on their iPad to send sexually explicit images to an unknown individual. Confidential victim #1 used the Musical.ly username of @▇▇▇29. Confidential victim #1 was initially contacted by an individual, who was subsequently identified as Jacob BLANCO, who used the user name of @summerme001. BLANCO using @summerme001 contacted confidential victim #1 online while viewing videos created and broadcast on Musical.ly by confidential victim #1. Using the Musical.ly app, BLANCO discussed having sex with confidential victim #1 and asked confidential victim #1 to send images of her buttocks and vagina. Additionally, BLANCO instructed confidential victim #1 how to pose and how to manipulate her vagina in the images.

5. After receiving this information from the parents, Det. Constantino conducted a forensic examination of their iPad. Det. Constantino located messages between BLANCO and confidential victim #1. Det. Constantino learned from the examination that on Tuesday March 28, 2017, at approximately 1720 hours (EST) the user @summerme001 asked the confidential victim #1 her age. She told him she was "7". He also asked her questions such as "have you ever H U M P E D a pillow or anything", and "show between your legs". The user of @summerme001 told confidential victim #1 to "take your hand and spread it open with fingers". Using this direction, confidential victim #1 took a photo, while wearing a pink shirt and

3

nothing else. A photo, recovered by Det. Constantino, depicts confidential victim #1 with her legs spread open. Confidential victim #1 is seen using her left hand, specifically her middle and ring fingers, to slightly spread open her vagina. Det. Constantino was able to determine that confidential victim #1 sent this image to @summerme001.

6.   @summerme001 also asked confidential victim #1 to send pictures of her butt, which she did. The picture sent was a close-up of the child's anus and vagina. The user of @summerme001 responded "so so hot can you spread with your hands too". Another picture was sent of the confidential victim #1's anus and vagina exposed more clearly. The subject responded "Ur so hot, I'm waiting for the next pic". After sending several photos to @summerme001, @summerme001 sent to confidential victim #1 a photo of what appears to be a nude prepubescent female. The image is from the child's neck to her knees. There is no breast development or pubic hair. On March 29, 2017 confidential victim #1 sent a picture of herself with her vagina and anus clearly exposed and a dog nose with its tongue exposed near the victim's anus. A conversation between confidential victim #1 and the subject continued in which @summerme001 stated "so hot, does ur dog like to lick it" "let him lick it more" "does it feel good" "show me a pic of him doing it"

7.   On April 4th, 2017 Det. Constantino sent a subpoena to Musical.ly for subscriber information. On April 5th, 2017 Musical.ly responded with subscriber information for "@summerme001" which returned the IP addresses of 75.150.2.223 and 73.192.178.95. An internet search of the IP addresses identified them as belonging to

4

Comcast Cable Communications and assigned for use in Fresno, California.

8. On April 19, 2017, Fresno County Sheriff's Det. Scott Schwamb authored a search warrant for the subscriber information pertaining to the Comcast Cable Communications IP addresses of 75.150.2.223 and 73.192.178.95. He submitted it to Comcast Cable Communications on April 20, 2014. On April 21, 2017, Comcast responded stating the IP address 73.192.178.95 resolved to service address ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇, Fresno CA. An additional email address of "Jacob_blanco@▇▇▇▇▇▇▇.net was also used for the account. Comcast advised they did not have any subscriber records relating to the IP address of 75.150.2.223 during the time in which the warrant described.

9. Beginning May 2, 2017, Det. Wilkin and I conducted surveillance at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Fresno, CA in an effort to confirm who resided there and might be responsible for using the internet service at that location. After conducting surveillance, interviews, and search warrants at a different location, we focused our investigative efforts on Jacob BLANCO.

10. Detective Wilkin and I learned that BLANCO was employed at Pacific Solar, located in Fresno, CA. We went to that location on May 5, 2017, and asked to speak with BLANCO. He was brought to us in a small conference room adjacent to the lobby. Det. Wilkin advised BLANCO of his Miranda rights, which BLANCO stated he understood. I further advised him that he could end the interview at any time.

11. When asked, BLANCO provided Det. Wilkin the pin code to his cell phone. When Det. Wilkin opened the phone, he observed that the phone had the Musical.ly app on it.

5

When asked if he had the Musical.ly app on the phone, BLANCO initially stated that he did not. When asked if BLANCO would allow Det. Wilkin to look in his phone again, BLANCO stated he would rather not have Det. Wilkin look at it. BLANCO became visibly nervous and told investigators that he knew that law enforcement had been at his apartment and thought they were there to question a different resident. BLANCO said he tried to warn that person that law enforcement was at the apartment complex. BLANCO said the other person was like his brother and he wanted to warn him. BLANCO said he did not want to incriminate the friend in anyway. BLANCO said he did not want to incriminate anyone anymore. BLANCO then said that he wanted to "end this" and I asked him if he meant the interview to which he replied "yeah".

12. I explained to BLANCO that we had a search warrant for his residence and vehicle and that we were going to stay in the conference room until agents had executed the search warrant at his residence. BLANCO asked what the search warrant was for, and I said it was related to child exploitation. BLANCO asked if he could talk to investigators somewhere else. Det. Wilkin said he would like to talk to him but did not want to infringe on BLANCO's rights. BLANCO said he understood and wanted to talk somewhere else.

13. BLANCO asked if he could talk to Det. Wilkin and me in our vehicle. BLANCO, Det. Wilkin and I went to my unmarked government vehicle. Det. Wilkin further advised BLANCO he was not under arrest, to which BLANCO stated that he fully understood. When BLANCO got into my work vehicle, Det. Wilkin told him that the door was unlocked and he

6

could get out. BLANCO said "there was really no point, it's like, you guys know…"

14. During the subsequent interview, BLANCO admitted he used the Musical.ly account @summerme001 and that he had solicited nude images from several children over the Musical.ly app. When shown a photo of confidential victim #1, BLANCO said he recognized her as one of the children he had solicited photos from. BLANCO admitted he probably still had photos of the victim engaged in sex acts with a dog. When asked if he had directed her to do those acts, he said he didn't remember, but probably did.

15. BLANCO told investigators that he had tried numerous times to solicit photos from children using the Musical.ly app. When asked how many victims he had obtained nude photos from, he estimated it was around 50, but later he said it was probably less.

16. When asked why he used Musical.ly to get child pornography instead of getting it through more readily available websites or file-sharing software, BLANCO said he felt like it was a "little more personal" to get it from the "actual person". When asked if he would have any videos of child pornography, he said he had downloaded some from a website and he might have some of his victims, if the victims sent them to him on Snapchat.

17. During the interview of BLANCO, additional investigators executed the search warrant that had been obtained by Det. Wilkin at ████████████████████████, Fresno, CA, the residence of BLANCO. During the search of apartment, several hard drives and a desktop computer were seized from BLANCO's room.

18. During an initial forensic review of BLANCO's computer, several hundred images of child pornography were

discovered. Several of the images of minors engaged in sexually explicit conduct had corresponding screen shots which tie the victims to Musical.ly accounts. At this point, over 30 individual victims have been tied to Musical.ly accounts through screen shots that were saved on BLANCO's computer. All of these victims are clearly minors, many of which are prepubescent. Of those victims, 4 have been positively identified as minors by law enforcement in the state they reside and have admitted to sending nude files to one of BLANCO's social media accounts located on his devices. The states in which the victims reside include New York, Tennessee, and Washington.

19. While reviewing the evidence on BLANCO's computer, I reviewed videos files recovered by HSI Computer Forensic Agent (CFA) Ulises Solorio. The videos, which appear to have been recorded on AZ Screen Recorder, a known android application which is used to create a video capture of the screen of a mobile device, show messages and images received from BLANCO's victims. At the beginning of some of the videos, the software accesses the camera of the phone, and the user of the phone is briefly visible.

20. In one of the videos, which I reviewed with CFA Solorio, I observed a video which started with a short clip of BLANCO and then switched to a vagina of a prepubescent minor. After the child's vagina appears on the screen, the screen switches to a chat between a user identified as "EMILY" and a user identified as "ME". "ME" tells "EMILY" "So cute Show me ur butt Spread ur cheeks" The following images of screen shots from that conversation:



This image of BLANCO is seen at the beginning of the previously described video. Soon after this portion of the video, a prepubescent vagina appears on the screen.



After the photo of the vagina disappears from the screen, a chat window pops up and the video shows the user "ME" type out the following message which can be seen in the screen shot above. I believe that BLANCO was at work when these

9

communications took place based on the appearance of the background and the sound of a telephone ringing.

21. I reviewed several other chats, recorded by BLANCO, in which BLANCO directs victims on how to pose and what type of photos he would like the victims to send. I also viewed several images depicting children engaged in sexual poses or activities including exposing their genitals and anuses. As described before, HSI has identified roughly 30 potential victims who created and/or sent to BLANCO images of themselves engaged in sexually explicit conduct, but I believe that further forensic analysis and follow up investigation will likely lead to the identification of more than thirty victims. There are numerous Musical.ly profile screen shots that are saved in the computer that are the same as the screen shots that have been matched to victims. As the forensic review is continued, it is believed that several more of the profiles may be linked to child pornography that has yet to be reviewed.

22. In addition to the activity found on BLANCO's computer, investigators also found similar activity on BLANCO's cell. During an initial forensic review of BLANCO's cell phone, Det. Wilkin found that BLANCO used the Kik app to solicit nude images from children. On at least two occasions, BLANCO instructed females between the ages of 7 and 12 years of age to send images and video of themselves depicting child pornography to include urination and defecation. On at least one occasion BLANCO sent images of child pornography to a Kik user in an attempt to get nude images of the users in return. Based on the chats, it appears that the persons BLANCO was communicating with were prepubescent children who sent images of themselves

depicting child pornography, at his direction.

23. On the basis of the information contained in this affidavit, it is my belief that there is probable cause to conclude that Jacob BLANCO has committed violations of the following two statutes:

a.) 18 U.S.C. § 2251, which makes it a crime for anyone to knowingly employ, use, persuade, induce, entice, or coerce any minor to engage in, or have a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct if the person knows or has reason to believe that the visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; and

b.) 18 U.S.C. § 2252(a)(2), which makes it a crime to knowingly receive or distribute any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, shipped, or transported in interstate or foreign commerce, or which contains materials which have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and the depiction is of such conduct.

24. Because this affidavit is written solely for the purpose of establishing probable cause for issuance of a criminal complaint, not every fact related to this investigation has been included.

I declare under penalty of perjury under the laws of the United States that the information above in paragraphs 1-24 is true and correct.

_____
Timothy Kotman, Special Agent
Homeland Security Investigations


Sworn to before me, and subscribed in my presence,
This 22nd day of May 2017.

_____
Honorable Sheila K. Oberto
United States Magistrate Judge