# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:17-cr-00140-NONE-SKO |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *PRO SE* IN THIS ACTION |
| v. | |
| JACOB BLANCO, | |
| Defendant. | |

This matter came on calendar for a <u>Marsden</u> hearing on March 27, 2020. Counsel Virna Santos appeared telephonically with Defendant Jacob Blanco who was in custody and appeared by video conference. Counsel David Gappa appeared telephonically for the Government. The courtroom was cleared and a closed hearing was held on Defendant's motion.

## I.

## PROCEDURAL HISTORY

On May 22, 2017 a complaint filed in this action against Jacob Blanco ("Defendant") alleging sexual exploitation of children in violation of Title 18, United States Code, Section 2251(a) and receipt of material involving the sexual exploitation of minors in violation of Title 18, United States Code, Section 2252(a)(2). Defendant made an initial appearance on May 24, 2017. A detention hearing was held on May 26, 2017 and Defendant was ordered detained.

On June 1, 2017, an indictment filed charging Defendant with five counts of violation of

18 U.S.C. §§ 2251(a) and (e) and one count of violation of 18 U.S.C. § 2252(a)(2). Defendant entered a plea of not guilty on June 2, 2017.

Status conferences were held on August 21, 2017, and October 30, 2017. A status conference was held on February 5, 2018, in which Defendant sought for appointment of new counsel. The request for appointment of new counsel was denied. A status conference was held on April 2, 2018 and counsel requested to withdraw from representation. Counsel's request was granted and Ms. Santos was appointed as counsel for Defendant.

A status conference was held on July 16, 2018, and October 1, 2018. A <u>Marsden</u> hearing was held on October 9, 2018. Magistrate Judge Sheila K. Oberto denied the <u>Marsden</u> motion and Defendant requested to represent himself. A <u>Faretta</u> hearing was held and Defendant was advised of the risks and expectations of representing himself. Judge Oberto found that Defendant knowingly and voluntarily waived his right to counsel. Defendant's request to represent himself was granted. A jury trial was set for February 26, 2019 before Chief Judge Lawrence J. O'Neill.

Judge O'Neill held a status conference on October 15, 2018, granted Defendant *pro se* status, and denied Defendant's request for stand by counsel. On January 24, 2019, a superseding indictment was filed charging Defendant with five counts of violation of 18 U.S.C. §§ 2251(a) and (e) and one count of violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). On January 30, 2019, Defendant arraigned on superseding indictment and a not guilty plea was entered

On February 8, 2019, Judge O'Neill conducted a hearing on Defendant's motion for appointment of counsel. Ms. Santos was reappointed and jury trial was continued to June 4, 2019. Status conferences were held on April 8, 2019, and April 29, 2019 with the jury trial continued to August 13, 2019.

On July 15, 2019, a hearing was conducted on a <u>Marsden</u> motion and a motion for mental examination and the jury trial was vacated. On July 16, 2019, the order issued committing Defendant to custody of the attorney general for purposes of conducting a mental examination. On January 13, 2020, a status conference was held regarding Defendant's mental examination. A <u>Marsden</u> hearing held and denied. Jury trial was set for May 5, 2020 before District Judge

2

Dale A. Drozd.

On March 11, 2020, a hearing was set for a <u>Marsden</u> motion to be heard on March 27, 2020. A hearing on Defendant's motion was held on March 27, 2020 before the undersigned.

## II.

## DISCUSSION

The defendant has sent numerous letters to the Court and this matter was set for a <u>Marsden</u> hearing on March 27, 2020. A <u>Marsden</u> motion, named after <u>People v. Marsden</u>, 2 Cal.3d 118 (1970), seeks for the court to relieve counsel and appointment substitute counsel. <u>Schell v. Witek</u>, 218 F.3d 1017, 1021 (9th Cir. 2000). "Normally, the essence of such a motion is that appointed counsel's representation has in some significant measure fallen below the level required by the Sixth Amendment." <u>Schell</u>, 218 F.3d at 1021. However, the defendant stated at the March 27, 2020 hearing that he is not seeking replacement counsel nor does he want to proceed without counsel in this matter.

Defendant asserts that he had previously been granted "conditional *pro se* status" to file motions in this matter. After his motion to suppress was decided, counsel was reappointed. At this time, Defendant seeks to file a motion for reconsideration of the denial of his motion to suppress. Defendant contends that he raised five issues in his motion to suppress and the order denying his motion only addressed four of the issues. Defendant wishes to file his motion for reconsideration and then have counsel reappointed to represent him in this matter. Counsel asserted that this issue of Defendant repeatedly seeking to file the same motions was the basis of the motion for a mental examination.

> Under the Sixth Amendment, criminal defendants have a right to be represented by an attorney. U.S. Const. amend. VI. The right to counsel has been interpreted to encompass "an independent constitutional right" of the accused to represent himself at trial, and thus waive the right to counsel. Such waiver, however, must be "knowing, voluntary, and intelligent[.]" We also have held that <u>Faretta</u> requires a defendant's request for self-representation be unequivocal, timely, and not for purposes of delay.

<u>Stenson v. Lambert</u>, 504 F.3d 873, 881-82 (9th Cir. 2007) (internal citations omitted).

For a defendant's request to be unequivocal, the "defendant must make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be

3

reasonably certain that the defendant wishes to represent himself." United States v. Audette, 923 F.3d 1227, 1234 (9th Cir. 2019) (quoting United States v. Arlt, 41 F.3d 516, 519 (9th Cir. 1994)). The "purpose of a Faretta hearing is to ensure that a defendant is 'made aware of the dangers and disadvantages of self-representation' before choosing to do so." Audette, 923 F.3d at 1235. Courts look to three factors in determining whether a defendant's request for self-representation is unequivocal: "the timing of the request, the manner in which the request was made, and whether the defendant repeatedly made the request." Stenson, 504 F.3d at 882. "A clear preference for receiving new counsel over representing oneself does not conclusively render a request equivocal under Faretta" but it may "be an indication that the request, in light of the record as whole, is equivocal." Id.

Here, it is clear that Defendant is not seeking to represent himself in this action. He only seeks to appear *pro se* to file a single motion and then have counsel reappointed to represent him. Defendant has previously sought to proceed without counsel and his request was granted. Defendant subsequently requested that counsel be reappointed to represent in this matter.

Defendant is currently represented by counsel. However, counsel's decision that the motion has no merit is not a reason to grant Defendant's motion to "conditionally appear *pro se*" to file the motion and then have counsel reappointed. The Court finds that Plaintiff has not made an unequivocal request to proceed without the assistance of counsel in this matter.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to proceed *pro se* in this matter is DENIED.

IT IS SO ORDERED.

Dated: __**March 30, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE

4