McGREGOR W. SCOTT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

NADIA C. PRINZ
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
1400 New York Avenue NW, Suite 600
Washington, DC 20005
Telephone: (202) 514-3740
Facsimile: (202) 514-1793

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB ERIC BLANCO,<br><br>Defendant. | CASE NO. 1:17-CR-00140 NONE-SKO<br><br>GOVERNMENT RESPONSE TO DEFENDANT'S MOTION FOR FARETTA HEARING<br><br>COURT: Hon. Dale A. Drozd |

## I.  INTRODUCTION

On April 1, 2020, defendant Jacob Blanco filed a second motion to represent himself. ECF No. 78. The United States of America, by and through its attorneys, McGREGOR W. SCOTT, United States Attorney for the Eastern District of California, DAVID L. GAPPA Assistant United States Attorney, and NADIA PRINZ, Trial Attorney, appreciates the opportunity to file this response to the defendant's request for a Faretta hearing,

1

## II. PROCEDURAL BACKGROUND

The government initially charged Blanco by complaint on May 22, 2017. On June 1, 2017, a grand jury returned an indictment that charged Blanco with five counts of sexual exploitation of a minor, and one count of distribution of a visual depiction of a minor engaged in sexually explicit conduct. Blanco initially retained private counsel James Makasian. On February 5, 2018, at a third status conference, the defendant requested new counsel, so a magistrate judge conducted a closed hearing. The court denied the request for new counsel at the conclusion of that hearing.

On April 2, 2018, the defendant renewed his request to replace attorney Makasian at a status hearing before a magistrate judge, and this time the court relieved retained counsel. The court then appointed attorney Virna Santos, and she filed her appearance in this case on that same date.

On October 9, 2018, a magistrate judge conducted a Marsden hearing at the defendant's request. The court then also conducted a Faretta hearing. The government was not present, but the record reveals that the court found that Blanco knowingly and voluntarily waived his right to counsel and granted his request to represent himself. A trial date was set for February 26, 2019, before Chief District Judge Lawrence J. O'Neill.

On January 24, 2019, a grand jury returned a superseding indictment with the same six violations but with adjustments to some of the dates or details alleged in the initial indictment. The court arraigned the defendant on the superseding indictment on January 30, 2019, and confirmed a trial date of February 26, 2019.

On January 30, 2019, the defendant, pro se, filed his motion to suppress evidence seized during execution of State of California search warrants. The United States responded to this motion on February 4, 2019, and on that same date, the court denied the defendant's motion. Defendant then immediately filed both a request for an opportunity to reply and to have counsel appointed. On February 8, 2019, the court held a hearing on this motion and reappointed Attorney Virna Santos to represent Blanco. The trial was continued to June 4, 2019 as a result of the reappointment.

The court granted a defense request to continue the trial after a hearing on April 29, 2019, and a new trial date of August 13, 2019, was set.

The record is not entirely clear why, but on June 25, 2019, the court both scheduled but then

2

vacated another Marsden hearing. Several items were sealed on that date as well.

On July 15, 2019, the court conducted a hearing on Blanco's Marsden motion and also on the issue of Blanco's mental competence. At the conclusion of the hearing, the court vacated the August 13, 2019, trial date. On July 16, 2019, the court issued an order committing Blanco to the custody of the attorney general for the purpose of conducting a mental examination to determine his competence to stand trial.

The court conducted a hearing on the issue of Blanco's competence on January 13, 2020. The court received, reviewed, and considered a report from a Bureau of Prisons doctor as well as input from the defense. The court found that Blanco was competent to stand trial, and a trial date of May 5, 2020, was set. Blanco objected to that date, because he wanted to exercise his right to an earlier date under the Speedy Trial Act. Defense counsel and the court were not available until the date that was selected, however, and the court found good cause to exclude all of the time.

Attorney Santos requested, on behalf of her client, that the matter be set for another Marsden hearing. On March 27, 2020 a Marsden hearing was held before Magistrate Judge Stanley A. Boone. The court denied defendant's request to proceed pro se in an order filed on March 30, 2020. The court found that Blanco had not unequivocally stated his intention to represent himself again; rather, the defendant merely wanted to represent himself (because defense counsel suggested the strategy lacked merit) to file a motion for the court to reconsider the denial of his motion to suppress and, if unsuccessful in that request, again be represented by attorney Santos. ECF No. 77.

Then, on April 1, 2020, the defendant filed another motion for a Faretta hearing, this time alleging that Judge Boone and attorney Santos failed to properly understand and adjudicate his request to represent himself. Blanco has requested that the district court entertain his request to represent himself, at least with respect to filing a motion to reconsider the district court's denial of Blanco's motion to suppress evidence.

### III. RELEVANT LEGAL PRINCIPLES

"The Sixth Amendment states that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have Assistance of Counsel for his defense." *United States v. Gerritsen*, 571 F.3d 1001, 1006 (citing U.S. Const. amend. VI). The Supreme Court has interpreted the Sixth Amendment as

guaranteeing "that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." *Faretta v. California*, 422 U.S. 806, 807 (1975); *Gerritsen*, 571 F.3d at 1006-07.

But "the Sixth Amendment also guarantees a criminal defendant the constitutional 'right to proceed without counsel when he voluntarily and intelligently elects to do so.'" *Gerritsen*, 571 F.3d at 1007 (citing *Faretta*, 422 U.S. at 807).  Specifically, the Constitution does not allow the government or courts to "thrust counsel upon the accused, against his considered wish," in contravention of the "nearly universal conviction, on the part of our people as well as our courts, that forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so." *Gerritsen*, 571 F.3d at 1007 (citing *Faretta*, 422 U.S. at 817, 820).

"A defendant therefore has two correlative and mutually exclusive Sixth Amendment rights: the right to have counsel, on the one hand, and the right to refuse counsel and represent himself, on the other." *Gerritsen*, 571 F.3d at 1007; *United States v. Harris*, 683 F.2d 322, 324, (9th Cir. 1982) (finding "there is a narrow path to be carefully treaded between the *Faretta* right to refuse the assistance of counsel, and the assurance that the defendant's refusal of such services is made with full awareness of the risks of doing so.")

"Because a defendant who exercises the right to self-representation foregoes the benefits of exercising the right to counsel, "the accused must 'knowingly and intelligently' forego those relinquished benefits." *Gerritsen*, 571 F.3d at 1007 (citing *Faretta*, 422 U.S. at 835). "When a defendant elects to waive the right to be represented by trial counsel, '[w]arnings of the pitfalls of proceeding to trial without counsel . . . must be rigorously conveyed.'" *Id.* (citing *Iowa v. Tovar*, 541 U.S. 77, 89 (2004)).

In other words, "'[a]lthough a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835.

The defendant "must [also] be aware of 'the nature of the charges and the possible penalties." *Gerritsen*, 571 F.3d at 1007 (citing *Harris*, 683 F.2d at 324; *United States v. Balough*, 820 F.2d 1485,

1487 (9th Cir. 1987)). "He must also understand his 'constitutional right to have a lawyer perform certain core functions,' and 'the possible consequences of mishandling these core functions and the lawyer's superior ability to handle them.'" *Id.* (citing *United States v. Mohawk*, 20 F.3d 1480, 1484 (9th Cir. 1994)).

Notably, the "Supreme Court has expressly declined to 'prescrib[e] any formula or script to be read to a defendant who states that he elects to proceed without counsel." *Gerritsen*, 571 F.3d at 1007 (citing *Tovar*, 541 U.S. at 88); *see also United States v. Erskine*, 355 F.3d 1161, 1168 (9th Cir. 2004) (holding "[the Ninth Circuit likewise has] never required district courts to recite a particular script when making their inquiry.")). Instead, the information "'a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.'" *Tovar*, 541 U.S. at 88 (as quoted in *Gerritsen*, 571 F.3d at 1007).

However, "[e]ven if the defendant 'lacked a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the [government's] showing that the information it provided to him satisfied the constitutional minimum.'" *Tovar*, 541 U.S. at 92, as quoted in *Gerritsen*, 571 F.3d at 1007. The "information a defendant must have to waiver counsel will intelligently depend, in each case, upon the particular facts and circumstances surrounding the case." *Tovar*, 541 U.S. at 92; *Gerritsen*, 571 F.3d at 1008.  Accordingly, "a defendant's waiver must be evaluated in light of the record as a whole." *Gerritsen*, 571 F.3d at 1008.  Furthermore:  "A waiver of counsel cannot be knowing and intelligent unless the accused appreciates the possible consequences of mishandling the[ ] core functions [of the trial lawyer] and the lawyer's superior ability to perform them. [The reviewing Court's] task is to determine from the record whether the accused understood these risks when he elected to represent himself. . . . [B]ecause the test concerns what the accused understood rather than what the court said or understood, explanations [of these potential consequences] are not required. *Gerritsen*, 571 F.3d at 1008 (citing *United States v. Kimmel*, 672 F.2d 720, 721-22 (9th Cir. 1982); *Balough*, 820 F.2d at 1488).

"Once the defendant has validly waived the right to counsel, 'although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual

which is the lifeblood of the law.'" *Gerritsen*, 571 F.3d at 1008, as quoted in *Faretta*, 422 U.S. at 834; *Illinois v. Allen*, 397 U.S. 337, 350-51 (1970)). Courts "cannot ignore or diminish the importance of this right merely because the defendant's efforts at trial were unsuccessful." *Id.* at 1008-09. "In considering whether [a defendant] has effectively waived his right to counsel, [reviewing Courts] must avoid the tendency of hindsight to diminish the importance of [his] corresponding right to self-representation.

Finally, a defendant is not entitled to choreograph special appearances by counsel or repeatedly alternate his position on counsel in order to delay his trial or otherwise obstruct the orderly administration of justice.'' *United States v. Taylor,* 933 F.2d 307, 311 (5th Cir.1991); *see also United States v. Kerr*, 752 F.3d 206, 220 (2d Cir. 2014), as amended (June 18, 2014).

### IV.   THE GOVERNMENT'S POSITION

The defendant should make a clear and unequivocal statement to the court about whether or not he wishes to be represented by counsel. The defendant has had the assistance of two different attorneys, the first one having been retained. He has also represented himself for a significant portion of this prosecution only to reconsider his decision after he was not successful in litigating a motion (which counsel apparently had refused to file) for him. This case has been pending for almost three years, and the trial has been continued multiple times as a result of issues that the defendant has created. Now the defendant has indicated that he wants to proceed pro se again for a time, yet have standby counsel appointed if he is unsuccessful in pursuing another motion that counsel has apparently concluded has no merit. In light of the defendant's previous vacillations as to whether he wishes to be assisted by counsel, there is an even greater need for the defendant to make a clear and unequivocal request to proceed pro se, if indeed he wishes to do so.

The defendant's wishes in this regard are still unclear, because in his most recent letter to the court, Blanco has articulated that his request for a Faretta hearing is conditional, rather than unequivocal:

> I requested to proceed pro per because I am going to file a motion to reconsider a motion to suppress…I also requested a Faretta hearing on one condition: that another hearing be held before the pre-trial order issued so I can withdraw from proceeding pro per (after I file the motion to reconsider). I also requested standby counsel to take over the defense when I do withdraw from proceeding in propria persona.

6

*See* ECF No. 78 at 5. In other words, the defendant appears to want to proceed pro se only as long as it suits his legal strategy, and then he wishes to receive the benefit of appointed counsel. In essence, by way of this latest request the defendant has admitted that he does not consider himself able to adequately represent himself at trial, thus the conditional nature of his request. This admission contradicts the assumption that he is able to knowingly and intelligently waive the assistance of counsel even for a time. Indeed, despite the defendant's claim that the magistrate judge was confused as to whether the defendant had requested a Marsden or a Faretta hearing (the defendant's request is still not clear to the Government), the magistrate perfectly understood the conditional nature of this request. "Counsel's decision that the motion has no merit is not a reason to grant Defendant's motion to 'conditionally appear pro se' to file the motion and then have counsel reappointed. The Court finds that Plaintiff has not made an unequivocal request to proceed without the assistance of counsel in this matter." *See* ECF No. 77. But in that order the court also found, "it is clear that Defendant is not seeking to represent himself in this action." This court should attempt to clarify the record as to the exact nature of the defendant's request, since the defendant has chosen to quarrel with Judge Boone's recent findings and decision.

It is significant that the defendant has previously elected to proceed pro se, for the purpose of pursuing the motion for which he now seeks reconsideration, and then asked the court for the reappointment of his current attorney. Based on the procedural history of this case, the defendant should not be allowed to continue to dismiss and then request reappointment of legal counsel solely for the purpose of pursuing a specific motion. Allowing the defendant to continue to fire and hire counsel would create further undue confusion in the record as to the defendant's knowing and intelligent waiver(s) of the right to represent himself or be represented by counsel. An unequivocal waiver on the part of the defendant would both prevent further confusion and prevent him from using this issue to create further delays. "Among other qualifications placed on the exercise of that right, we have required that the request to proceed pro se be "'unambiguous and unequivocal'" so as to "'inhibit[ ] any deliberate plot to manipulate the court by alternatively requesting, then waiving counsel." *United States v. Kerr*, 752 F.3d 206, 220 (2d Cir. 2014), *as amended* (June 18, 2014) (*quoting Williams v. Bartlett*, 44 F.3d 95, 100–01 (2d Cir.1994) *and United States v. Barnes*, 693 F.3d 261, 271 (2d Cir.2012)). Thus, the

7

government looks forward to the hearing as an opportunity to establish a clear and detailed record as to the defendant's intention to proceed with or without counsel.

## V. CONCLUSION

The government respectfully requests that at the hearing, the court seek to make a clear and detailed record as to the defendant's wishes with respect to representation, including any potential waiver of his right to counsel. The government has confidence that the court is well informed of the applicable legal standards and can obtain a knowing and intelligent waiver if the defendant convinces the court that that is what the defendant wants to do.

Dated:  April 16, 2020                                         McGREGOR W. SCOTT
                                                               United States Attorney

                                                        By:    /s/ DAVID L. GAPPA

                                                               DAVID L. GAPPA
                                                               Assistant United States Attorney

                                                               NADIA C. PRINZ
                                                               Trial Attorney