JACOB BLANCO
7083223

FRESNO COUNTY JAIL
P.O. BOX 872
FRESNO, CA, 93712

**FILED**
APR 28 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> JACOB BLANCO, <br><br> DEFENDANT. | CASE NO. 1:17-CR-00140 NONE/SKO <br><br> DEFENDANTS REPLY TO THE GOVERNMENTS OPPOSITION <br><br> JUDGE: HON. DALE A. DROZD |

    THE COURT PERMITTED THE GOVERNMENT TO FILE A RESPONSE TO MY FARETTA MOTION BY APRIL 16, 2020, TO WHICH THEY DID. THE ORIGINAL COMPLIANCE DATE FOR A REPLY WAS BY APRIL 22, 2020. HOWEVER, DEFENSE COUNSEL INFORMED ME THAT THIS DATE WAS EXTENDED TO APRIL 28, 2020. DEFENDANT APPRECIATES THIS EXTENSION OF TIME.

    I. TRIAL DELAYS

    THE GOVERNMENT CONTENDS THAT "... TRIAL HAS BEEN CONTINUED MULTIPLE TIMES AS A RESULT OF ISSUES THAT THE DEFENDANT HAS CREATED." ECF 81, PAGE 6, LINE 16-17. HOWEVER, THE GOVERNMENT GAVE A RATHER DETAILED HISTORY OF THE CASE BETWEEN ECF 81, PAGES 2-3 AND THE ONLY DELAY THAT COULD REASONABLY BE ATTRIBUTED TO THE DEFENDANT WAS THE FIRST ONE, WHEN DEFENDANT RECEIVED APPOINTED COUNSEL IN FEBRUARY 2019. BUT THIS WAS AT THE SUGGESTION OF JUDGE O'NEILL, WHO ON JANUARY 30, 2019 SUGGESTED THAT I WITHDRAW FROM PROCEEDING PRO SE. IF THE GOVERNMENT HAD ANY ISSUES WITH THIS

1

suggestion from Judge O'Neill, they should have stated so at the January 30, 2019 hearing.

II. UNEQUIVOCAL REQUEST

The government contends that the current request is equivocal. However, in support of their position, they cite parts of the previous request, which was only included in my motion to provide some background. In fact, nothing in the current request contains any conditional terms.

III. MERIT OF THE RECONSIDERATION MOTION

Because the government mentions that defense counsel believes my strategy to be meritless, this section is included to make my position perfectly clear.

In defendant's motion to suppress, a ground titled "New Material Facts" was raised. ECF 45, page 24, line 11 through page 27. The court did not make any findings for this ground, which it was mandated to do under Federal Rule of Criminal Procedure 12(d) which requires that a court "state its essential findings on the record." An essential finding is one that is necessary for appellate review of the legal conclusions involved. United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir 1990). Therefore, appellate review of this ground will be entirely impossible. Ultimately, without this issue resolved, remand will be necessary. Id. (holding that remand to district court is appropriate if there is no essential factual findings on which to base appellate review); United States v. Wright, 625 F.3d 583, 603-04 (9th Cir 2010). Defendant simply wishes to avoid the lengthy process of appeal/remand when this issue can be alleviated now.

The government may claim that the court complied with Rule 12(d) by providing an additional reason for the denial, based upon inevitable discovery. However, in its opposition, the government bolstered their claim (which the court adopted) by replacing the Madison County IP log (the separate investigation) with the Nassau County IP log (the original investigation) which are completely and materially different. This will be discussed further in the reconsideration motion.

1  MOREOVER, RECONSIDERATION IS INHERENTLY PERMITTED WHEN FURTHER FINDINGS ARE REQUIRED.
2  PRIETO-VILLA, 910 F.2D AT 610 ("IN MAKING SUCH FINDINGS, THE DISTRICT COURT MAY, IF APPROPRIATE,
3  RECONSIDER ITS RULING") WHETHER OR NOT IT WILL BE GRANTED IS A DIFFERENT STORY.
4      IV.   CONCLUSION
5  BECAUSE THE CURRENT REQUEST CONTAINS NO CONDITIONAL TERMS, THE COURT SHOULD
6  GRANT MY REQUEST AT THE HEARING.

8  DATED: APRIL 24, 2020                    RESPECTFULLY,

                                            /s/ JB
10                                          JACOB BLANCO

3