McGREGOR W. SCOTT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
E-mail: david.gappa@usdoj.gov

NADIA C. PRINZ
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
1400 New York Avenue NW, Suite 600
Washington, DC 20005
Telephone: (202) 514-3740
E-mail: nadia.prinz@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JACOB ERIC BLANCO,<br><br>        Defendant. | Case No:   1:17-CR-00140 NONE-SKO<br><br>**MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>Date:   May 15, 2020<br>Time:   8:30 a.m.<br>Hon:    Dale A. Drozd |

    Under Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorney David Gappa, along with Trial Attorney Nadia Prinz, has agreed with defendant Jacob Eric Blanco (defendant), and his attorney, Virna Santos, as set forth below. This plea

agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authority.

1. <u>Charges</u>.

The defendant acknowledges that he has been charged in a superseding indictment as follows:

Count Ones through Five - Sexual Exploitation of a Minor and Attempt, in violation of 18 United States Code, Section 2251(a) and (e);

Count Six - Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(2).

The superseding indictment also contains a forfeiture allegation.

2. <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charges against him contained in the superseding indictment, and those charges have been fully explained to him by his attorney. The defendant fully understands the nature and elements of the crimes charged in the superseding indictment to which he is pleading guilty, together with the possible defenses to the charges, and he has discussed them with his attorney.

The elements of the crime of Sexual Exploitation of a Minor and Attempt, as alleged in Count Ones through Five of the superseding indictment, are as follows:

(1) the defendant knowingly employed, used, persuaded, induced, enticed, or coerced any minor;

(2) to engage in any sexually explicit conduct;

(3) for the purpose of producing any visual depiction of such conduct, or for the purpose of transmitting a live visual depiction of such conduct; and

(4) the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or that the visual depiction would be produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce.

The elements of the crime of Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, as alleged in Count Six of the indictment, are as follows:

(1) the defendant knowingly received and distributed;

(2) any visual depiction that had been mailed, shipped, or transported in or affecting interstate or foreign commerce or which had been transmitted using any means or facility of interstate or foreign commerce, or which contained materials which had been mailed, shipped, or transported in interstate or foreign commerce;

(3) by any means, including by computer;

(4) the producing of any such visual depiction(s) involved the use of a minor engaging in sexually explicit conduct; and

(5) the visual depiction was of such conduct.

3. <u>Agreements by the Defendant</u>.

(a) Defendant agrees that this plea agreement will be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to all six counts in the superseding indictment.

(c) The defendant is aware that Title 18, United States Code, Section 3742 permits a defendant to appeal his pleas, convictions, or any aspect of the sentence imposed, including any restitution. Acknowledging this, the defendant knowingly and voluntarily waives his constitutional and statutory rights to appeal his guilty pleas, convictions, or any aspect of the sentence imposed, including any restitution. This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his pleas, convictions, and sentence (including restitution order). This appeal waiver includes any appeal right conferred by 18 U.S.C. § 3742, except for non-waivable claims. This waiver includes, but is not limited to a proceeding under 28 U.S.C. § 2255 or § 2241. Except as provided below, the defendant also agrees to waive his right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statute[s] of conviction, and other pretrial motions that have been filed or could be filed. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's convictions and guilty pleas, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts included in this agreement is insufficient to support the defendant's pleas of guilty. The one exception to the waivers discussed above is that the defendant reserves the right to appeal the denial of his pretrial motion to suppress evidence

3

filed as Docket Item 45. The defendant is not permitted to appeal any issue not related to this denial of his motion to suppress evidence.

(d) The defendant also acknowledges that his pleas of guilty are voluntary and that no force, threats, promises, or representations have been made to anybody to obtain the guilty pleas. Nor has any agreement been reached, other than expressly in this plea agreement, to induce the defendant to plead guilty.

(e) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed under this agreement and any charges previously dismissed).

(f) The defendant agrees that the sentencing court will consult the 2019 edition of the United States Sentencing Commission's Guidelines (USSG), as promulgated by the U.S. Sentencing Commission under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738 (2005). The court must take the USSG into account when determining a reasonable sentence in light of the factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the court will determine a non-binding and advisory guideline sentencing range for this case under the USSG. Defendant also understands that the court will consider whether there is a basis for variance from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant also understands that the court, after consultation and consideration of the USSG, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

(g) The defendant agrees that if any conviction on the counts to which he is pleading is ever vacated at the defendant's request, the government shall have the right (1) to prosecute the defendant on the count to which he pleaded guilty, (2) and to file any new charge(s) that would otherwise be barred by

this agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to a future prosecution including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(h)     The defendant understands and agrees that the court may be required to order the defendant to pay restitution.  The parties have not agreed on the amount of restitution.  Defendant agrees that his conduct charged in the superseding indictment is governed by mandatory restitution under 18 U.S.C. § 2259 and § 3663, *Paroline v. United States*, 134 S.Ct. 1710 (2014) and *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011), and agrees to pay any victims the full amount of their losses as ordered by the court and as a result of the defendant's conduct.  Defendant further agrees to pay full restitution for the harm caused to any and all of the victims for all of the conduct referred to in this plea agreement, including but not limited to the factual basis, and for all of his relevant conduct, whether or not charged in the superseding indictment.  The defendant also agrees that the minor victims of all of the conduct described in the factual basis are properly considered "crime victims" under 18 U.S.C. § 3771 and are therefore afforded all enumerated rights under that section. He also agrees that under 18 U.S.C. § 3664(d)(5), he will not oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable ten days prior to sentencing

(i)     The defendant acknowledges that he has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep his registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student.  He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information.  He also understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or student not later than three business days after any change in name, residence, employment, or student

5

status.  The defendant has been advised, and understands, that failure to comply with these obligations could subject him to prosecution for failure to register as a sex offender under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

(j)     The defendant agrees that his release pending sentencing is restricted by 18 U.S.C. § 3143(a), and he agrees that he will remain in custody pending the court's imposition of the sentence in this case and he will not file a motion or otherwise request his release from custody.

(k)     The defendant agrees that he will not move to terminate (early) the period of supervised release that is imposed.

(l)     The defendant will admit the forfeiture allegation and not contest the forfeiture of the items listed in items (a) – (e) in that allegation of the superseding indictment.

(m)    The defendant acknowledges that he can argue for a sentence of imprisonment of not less than 180 months and a term of supervised release of not less than 60 months.  The defendant acknowledges that the government will argue for a total term of imprisonment within the range of 180 months and 2040 months (15 years and 170 years).

4. Agreements by the Government.

(a)     The government will not oppose a two-level reduction in offense level for acceptance of responsibility if the defendant pleads guilty.

(b)     The government will argue for a total term of imprisonment within the range of 180 months and 2040 months (15 years and 170 years).  The government acknowledges that the defendant can argue for a sentence of imprisonment of not less than 180 months and a term of supervised release of not less than 60 months.

(c)     The government will argue for a lifetime term of supervised release.

(d)     The government will promptly notify the court and the defendant of any claims for restitution that any victim of the offenses to which the defendant is pleading guilty submits.

5. Factual Basis.

The defendant will plead guilty because he is in fact guilty of the crimes set forth in the superseding indictment. The parties agree that the following facts about the defendant's conduct support his guilty pleas to all six counts of the indictment and that the court can consider this conduct for purposes of sentencing.

The defendant, Jacob Blanco, used minors to produce sexually explicit images by way of the internet and social media applications such as Snapchat, Kik, and Musical.ly. The defendant's activities initially came to light in or about March of 2017, when the parents of a then six-year-old (Minor Victim 1) discovered her communications with another Musical.ly user (subsequently determined to be Jacob Blanco in Fresno, California) on a family iPad. These communications revealed that Blanco had received sexually explicit images of and from Minor Victim 1. Blanco had directly communicated to Minor Victim 1 how to pose and how to manipulate her vagina in the images. He also convinced Minor Victim 1 to engage in sex acts with a family dog. When local investigators determined the internet protocol login information for the person who had been communicating with Minor Victim 1 was connected to a residence in Fresno, law enforcement investigators in Fresno began their investigation. That investigation ultimately confirmed that Blanco was the person who had been communicating with Minor Victim 1, and images that he had solicited from that victim were recovered on a device that Blanco owned and had been using.

When law enforcement investigators in Fresno searched through electronic devices that belonged to Blanco, they discovered that he had successfully persuaded and coerced multiple minors to produce sexually explicit material, and Blanco accomplished this by using various methods of deception and enticement. A forensic examination of his digital media, under the authority of a search warrant, revealed that Blanco used Snapchat, Kik, Musical.ly, and other applications to communicate with minor females for the purpose of having those minors create and transmit to him images of those minors engaged in sexually explicit conduct. Blanco often communicated by live-stream and/or video chat, and he often would use screen recorders to capture and save the streaming content. Sometimes he pretended to be a minor himself, including posing as a potential boyfriend or a model. At other times, he would pretend to be a modeling agent in order to persuade minors to send him sexually explicit images. For instance, between January 3, 2017, and approximately March 1, 2017, the defendant communicated with eleven-year-old Minor Victim 2 and ten-year-old Minor Victim 3. Blanco convinced these minor victims to create and transmit images of themselves engaged in sexually explicit conduct, and he saved some of the images on his computer. Minor Victim 3 told investigators that she and Minor Victim 2 had communicated with someone online who purported to be a model. Minor Victim 3 indicated that she and Minor Victim 2 had modeled clothes for this user. The recorded communications also showed that on occasion, Blanco would try to extort images by making threats. For instance, in one communication he told an apparent minor "Really you're gonna be rude? I have pics of you I don't think that's smart...[.]so do the pic and I won't show anyone...if you remove me or block me I'll show everyone."

Additionally, Blanco persuaded Minor Victim 4, a 12-year-old female, whom he repeatedly victimized by coercing her to create sexually explicit images of herself, to engage in oral sex

7

with her 4-year-old brother (Minor Victim 5) while video chatting with Blanco. Blanco also communicated with another 10-year-old, Minor Victim 6, by posing as a fictional minor named "Tyler." In the course of their video chat communications, the defendant recorded Minor Victim 6 in the bathtub, nude, and in various stages of undress. Homeland Security Investigations agents were also able to identify Minor Victim 7, another 11-year-old with whom Blanco communicated and from whom Blanco received sexually explicit images (of Minor Victim 7). The defendant saved all of these images and videos to his hard drives and organized them by the minors' usernames. A forensic examination of one of Blanco's Samsung cellphones revealed that Blanco also distributed child pornography. Specifically, he communicated with and sent a purported minor an image of child pornography via the Kik Messenger application on November 30, 2016. Forensic review of Blanco's devices confirmed that he had communicated with more than fifty minors, and he had asked for and received sexually explicit images depicting minors from many of them. Blanco admitted to having a sexual interest in minor females between the ages of nine and eleven. All of the minor victims referenced in the indictment were residing outside of the State of California.

6.  Potential Penalties.

Defendant understands that because the offense to which he is pleading guilty was committed after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.

The following are the potential penalties that the defendant faces:

**Counts One through Five - Sexual Exploitation of a Minor**

(a) Imprisonment

   Minimum (Mandatory): Fifteen (15) years.
   Maximum: Thirty (30) years.

(b) Fine.

   Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

   Minimum (Mandatory):  Five (5) Years.
   Maximum:  Lifetime (18 U.S.C. 3583(k))

(e) Penalty Assessments:

   Mandatory: Five Thousand One Hundred Dollars ($5100).

**Count Six – Receipt and Distribution of Material Involving the Sexual Exploitation of Minors**

(a) Imprisonment.

8

      Minimum (Mandatory): Five (5) years.
      Maximum: Twenty (20) years.

 (b) Fine.

      Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

 (c) Both such fine and imprisonment.

 (d) Term of Supervised Release.

      Minimum: Five Years.
      Maximum: Lifetime (18 U.S.C. 3583(k))

 (e) Penalty Assessments:

      Mandatory: Five Thousand One Hundred Dollars ($5100).

7. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

 (a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge sitting without a jury, defendant, the government, and the court all must agree that the trial be conducted by a judge without a jury.

 (b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification were shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, an attorney would be appointed for him by the court at no expense to him.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8. <u>Questions by Court</u>.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offenses to which he is pleading guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. <u>Entire Agreement</u>.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this court will impose, although the parties have agreed upon terms for sentencing under the U.S. Sentencing Commission's Sentencing Guidelines that they believe will produce an overall reasonable sentence.

10. <u>Court not a Party</u>.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph six (6). In making its sentencing decision, the court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the superseding indictment.

11. <u>Presentence Report</u>.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the court as its independent sentencing recommendation. In addition, the government will fully inform the probation office, as well as the court, of the full nature, scope, and extent of the defendant's criminal activities, including information on his background and criminal history.

McGREGOR W. SCOTT
United States Attorney

Dated: May 7, 2020      By: /s/ David Gappa
                            DAVID GAPPA
                            Assistant U.S. Attorney

Dated: 5/7/2020             /s/ Nadia C. Prinz
                            NADIA PRINZ
                            Trial Attorney

Dated: 5/6/2020             /s/
                            JACOB ERIC BLANCO
                            Defendant

Dated: 5/6/2020             /s/
                            VIRNA SANTOS
                            Attorney for Defendant

11