McGREGOR W. SCOTT
United States Attorney
David L. Gappa
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACOB BLANCO, <br><br> Defendant. | CASE NO. 1:17-CR-00140-NONE-SKO <br><br> STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING CHANGE OF PLEA HEARING; FINDINGS AND ORDER <br><br> DATE: May 15, 2020 <br> TIME: 10:00am <br> COURT: Hon. Dale A. Drozd |

## **BACKGROUND**

On June 1, 2017, a grand jury charged the defendant, Jacob Blanco, in a six-count indictment with five counts of sexual exploitation of a minor, and one count of distribution of a visual depiction of a minor engaged in sexually explicit conduct. On January 24, 2019, by way of a superseding indictment, a grand jury also charged Blanco with six counts. The superseding indictment alleges different dates for the charged conduct, and in one count, references a different set of minor victims than alleged in the prior indictment.  The parties have signed a plea agreement and the court has scheduled a hearing for May 15, 2020.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference if the following conditions are satisfied: 1) the hearing "cannot be conducted in person without seriously

STIPULATION REGARDING HEARING                 1

jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, through General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 614 establish that plea and sentencing hearings cannot take safely take place in person.

In order to authorize change of plea or sentencing hearings by remote means, however, the CARES Act—as implemented by General Order 614—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 614 also requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties stipulate that each of the requirements of the CARES Act and General Order 614 have been satisfied in this case. They request that the court enter an order making the specific findings required by the CARES Act and General Order 614. Specifically, for the reasons further set forth below, the parties agree that:

1) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California and the length of time that this case has been pending, particularly

STIPULATION REGARDING HEARING                      2

since there are dozens of victims and witnesses spread throughout the United States who have been inconvenienced by the number of times that hearings and trial dates have been postponed in the past;

  2)  The defendant waives his physical presence at the hearing and consents to remote hearing by videoconference and counsel joins in that waiver; and

  3)  The government joins in the request to proceed by videoconference.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, stipulate as follows:

1.  The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2.  On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3.  In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4.  These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5.  On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6.  On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the

pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District under 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations, although one position has an intended nominee). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. Given these facts, it is essential that judges in this district resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this district will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

10. The plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this court, and every judge in this district, when normal operations resume.

11. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

12. The change of plea hearing in this case cannot be further delayed without serious harm to the interests of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California and the length of time that this case has been pending, particularly since there are dozens of victims and witnesses spread throughout the United States who have been inconvenienced by the number of times that hearings and trial dates have been postponed in the past.

///

IT IS SO STIPULATED.

Dated:  May 7, 2020                                    McGREGOR W. SCOTT
                                                       United States Attorney


                                                       /s/ David L. Gappa
                                                       David L. Gappa
                                                       Assistant United States Attorney


Dated:  May 7, 2020                                    /s/ Virna Santos
                                                       Virna Santos
                                                       Counsel for Defendant
                                                       JACOB BLANCO


**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice;

    b) The defendant has waived [his/her] physical presence at the hearing and consents to remote hearing by videoconference.

Therefore, based on the findings above, and under the court's authority under § 15002(b) of the CARES Act and General Order 614, the change of plea hearing in this case will be conducted by videoconference on May 15, 2020 at 10:00 a.m.

IT IS SO ORDERED.

Dated:  **May 7, 2020**                                _Dale A. Drozd_
                                                       UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING HEARING                    5